IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WIDTFELDT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NEBRASKA TAX EQUALIZATION AND REVIEW COMMISSION, HOLT COUNTY CLERK, INTERNAL REVENUE SERVICE, HOLT COUNTY BOARD OF EQUALIZATION, and COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT,<br><br>　　　　　　Defendants. | 8:20CV464<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　　This matter is before the Court on three separate motions to dismiss (Filing Nos. 9, 11, and 13) plaintiff James Widtfeldt's ("Widtfeldt") Complaint (Filing No. 1-1). Defendants Nebraska Tax Equalization and Review Commission ("TERC"), the Holt County Clerk ("Clerk"), the Internal Revenue Service ("IRS"), the Holt County Board of Equalization ("Board"), and the Counsel for Discipline of the Nebraska Supreme Court ("Counsel for Discipline" and collectively, the "defendants") move to dismiss Widtfeldt's complaint based on multiple theories for lack of subject matter jurisdiction and failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). For the reasons stated below, the Court grants the motions to dismiss Widtfeldt's complaint.

**I.　　BACKGROUND**

　　　　Widtfeldt, an attorney indefinitely suspended from practicing law in Nebraska for filing irrelevant and abusive filings and motions, represents himself in this matter. He brought this present action in the District Court of Holt County, Nebraska, against the defendants. On November 4, 2020, the IRS removed the case to this Court (Filing No. 1). *See* 28 U.S.C. § 1442(a)(1) (authorizing the removal of a civil action against a federal

agency "for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the . . . collection of revenue.").

In his complaint, Widtfeldt makes various incomprehensible allegations relating to "excessive" property taxes, fraud, and IRS audits. His unintelligible musings largely fail to make out any specific claims. He alleges the Clerk unlawfully increased the value of his property and Nebraska property taxes are excessively high in light of (1) "some 300 variants of Lyme disease" in the area, (2) the slowdown in agriculture as a result of the COVID-19 pandemic, and (3) a bribe "associated with the Keystone Pipeline" that he alleges has "hampered the said Board's ability to determine fair and reasonable property values." He also states that the IRS audited certain tax returns related to his mother's estate and that Administrative Law Judge Arthur Welp ("Welp") "determined that no estate or gift tax was due as of the year 2004."

Although he sprinkles in unrelated allegations in his complaint, it ultimately appears that Widtfeldt is trying to appeal the determination of his state property taxes.[1] In his prayer for relief, he "prays that the property values of James Widtfeldt be reduced to ten percent or less of their previous values" and seeks a "separate determination from that of the County Clerk prior to sending the matter to the Nebraska Tax Equalization Review Commission, or as appropriate to the federal courts."

## II. DISCUSSION
### A. Standards of Review

Jurisdiction is a threshold issue for this Court. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). For the Court to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial attack, 'the court merely [needs] to look and see if plaintiff

---

[1] Widtfeldt does not state or provide a description of which parcel of real estate is "excessively taxed."

2

has sufficiently alleged a basis of subject matter jurisdiction.'" *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). When a party raises a facial attack, "all of the factual allegations concerning jurisdiction are presumed to be true." *Titus*, 4 F.3d at 593.

To survive a motion to dismiss for failure to state a claim, the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the nonmoving party, the Court need not accept "a legal conclusion couched as a factual allegation." *Id.*

### B. State Property Tax Protest

The gravamen of Widtfeldt's complaint is that he believes his property is overvalued and that he is paying too much in state property taxes. He asks this Court to reduce his property values "to ten percent or less of their previous values" and have a "separate determination" be done "prior to sending the matter to [TERC], or as appropriate to the federal courts." He also vaguely asserts the Clerk somehow denied him appellate review.

The Clerk, the Board, TERC, and the Counsel for Discipline argue this Court does not have jurisdiction to hear this claim. They first argue the state district court where this case was originally filed lacked jurisdiction to resolve Widtfeldt's property-tax protest. *See Brenner v. Banner Cty. Bd. of Equalization*, 753 N.W.2d 802, 812 (Neb. 2008) (discussing Nebraska's protest-and-appeal procedure for property taxes). Nebraska courts have routinely held a protest to the board of equalization is the "exclusive remedy for relief from overvaluation" of property for tax purposes. *Marshall v. Dawes Cty. Bd. of Equalization*, 654 N.W.2d 184, 190 (Neb. 2002). If the taxpayer does not agree with the decision of the board of equalization, then TERC, not the district court, is the "intermediate appellate

tribunal" for those disputes. *Brenner*, 735 N.W. at 812; *see also* Neb. Rev. Stat. § 77-1501 *et seq.* (outlining the protest-and-appeal procedure). Following TERC's decision, the taxpayer may seek review by the Nebraska Court of Appeals, *see* Neb. Rev. Stat. § 77-5019, and further discretionary review by the Nebraska Supreme Court, *see id.* § 24-1107.

They also argue Nebraska's protest-and-appeal procedure, as just described, deprives this Court of subject-matter jurisdiction under the Tax Injunction Act, 28 U.S.C. § 1341. Section 1341 provides "[t]he district courts shall not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such state." The adequacy of a state-court remedy is judged according to procedural, not substantive, criteria. *See Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512 (1981). State-court remedies are procedurally adequate if they provide the taxpayer with "a full hearing" and a "judicial determination" on the issue. *Id.*; *accord Burris v. City of Little Rock*, 941 F.2d 717, 720 (8th Cir. 1991).

Nebraska's protest-and-appeal procedure allows the taxpayer to have a full hearing and provides for judicial review. *See* Neb. Rev. Stat. §§ 77-5007 and 77-5019. To the extent Widtfeldt alleges a due process violation for the alleged denial of an appeal, he could appeal that decision to TERC. *See id.* § 77-5007. Because Nebraska law provides a "plain, speedy and efficiency" remedy, this Court does not have jurisdiction. *See Cmty. Dev., Inc. v. Sarpy Cnty.*, No. 8:16-CV-135, 2016 WL 3747545 (D. Neb. July 11, 2016) (finding the court lacks jurisdiction because Nebraska has an adequate system to challenge property tax assessments). Accordingly, this claim is dismissed for lack of jurisdiction.

### C. Relitigating the Tax-Court Decision

In his complaint, Widtfeldt alleges he purchased his mother's property by 1994, so her estate could not owe taxes because he owned all the property long before her death. To the extent he seeks to relitigate[2] the tax-court decision that the estate owes any taxes at all,

---

[2] The Eighth Circuit summarily affirmed the U.S. Tax Court's decision that Widtfeldt's "deceased mother's estate owed a gift tax deficiency, estate tax, and additions

the IRS contends claim preclusion bars Widtfeldt from relitigating that decision and that the Court does not have subject-matter jurisdiction. Given Widtfeldt's lengthy legal track record, it is not surprising this Court already decided those issues. *See United States v. Widtfeldt*, No. 8:18-CV-453, 2019 WL 4450693, at *2-3 (D. Neb. Sept. 17, 2019), *aff'd*, 824 F. App'x 444, *1 (8th Cir. 2020) (unpublished per curiam) (finding "[c]laim preclusion prevents Widtfeldt from rehashing the validity of the estate's tax deficiencies."); *Widtfeldt v. IRS*, No. 8:20-CV-87, 2020 WL 5027543, at *3 (D. Neb. Aug. 25, 2020) (finding Widtfeldt could not relitigate the tax court decision because the district court lacked subject-matter jurisdiction). Widtfeldt cannot bring this claim again because it is precluded, and this court lacks subject-matter jurisdiction. This claim is dismissed.

### D. Failure to State a Claim

As to the remaining contentions in Widtfeldt's complaint, he has failed to state any other cognizable claim. *See Iqbal*, 556 U.S. at 678. He has not pleaded any other factual content that would allow the Court to "draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Id.* Widtfeldt makes no specific argument that the Board made any decision involving his property, and he makes no substantive allegation against TERC. He does not even mention the Counsel for Discipline in the body of the complaint.

Based on the foregoing,

IT IS ORDERED:

1. Defendant Internal Revenue Service's Motion to Dismiss (Filing No 9) is granted.
2. Defendants Holt County Clerk and Holt County Board of Equalization's Motion to Dismiss (Filing No. 11) is granted.

---

to tax." *Widtfeldt v. Comm'r*, 449 F. App'x 561, *1 (8th Cir. 2012) (unpublished per curiam).

3. Defendants Nebraska Tax Equalization and Review Commission and Counsel for Discipline of the Nebraska Supreme Court's Motion to Dismiss (Filing No. 13) is granted.

4. The Complaint (Filing No. 1-1) is dismissed with prejudice, with each party to bear their own fees, costs, and expenses.

5. A separate judgment will issue.

Dated this 19th day of February 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge